```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
D'ARRIGO BROS. CO. OF NEW YORK, INC.,   :
                    Plaintiff,          :
                                        :    09 Civ. 4185 (DLC)
             -v-                        :
                                        :    MEMORANDUM OPINION
GARDEN STATE PRODUCE CO., INC. & GARY   :         AND ORDER
T. FERRUGGIA,                           :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On August 28, 2009, the Court entered a default judgment against defendant Garden State Produce Co., Inc. ("Garden State") in the above-captioned matter.  The plaintiff's claim against a second defendant, Gary T. Ferrugia ("Ferrugia"), the principal of Garden State, was dismissed without prejudice on March 2, 2010.  The matter was referred to the Honorable Kevin Nathaniel Fox for an inquest and Report and Recommendation ("Report") as to damages on March 2, 2010.  Magistrate Judge Fox issued his Report on August 18, 2010.  Neither party has submitted objections to the Report.  For the following reasons, the Report's recommendations are adopted and judgment entered against Garden State.

BACKGROUND

Between August and November of 2008, D'Arrigo Bros. Co. of New York (the "plaintiff") sold, via interstate commerce, perishable agricultural commodities to Garden State, a foreign corporation doing business in New York.  Ferrugia, the principal of Garden State, was a licensed dealer in perishable agricultural commodities.  The plaintiff billed Garden State with invoices which notified the buyer that the sale of the perishable agricultural commodities was made "subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499(e)(c))."  Although Garden State accepted delivery of the plaintiff's goods, it did not pay for them.  Additionally, Garden State failed to hold the perishable agricultural commodities, or any proceeds derived from the sale thereof, in a trust for the benefit of the plaintiff as is required by the Perishable Agricultural Commodities Act ("PACA").  See 7 U.S.C. §§ 499(e)(c).  On April 29, 2009, the plaintiff filed a complaint, pursuant to PACA, to recover for the goods it sold to Garden State.

DISCUSSION

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

2

636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." <u>Figueroa v. Riverbay Corp</u>., No. 06 Civ. 5364 (PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The Report correctly applied the rule for determining whether a plaintiff is entitled to recover the proceeds from a PACA created trust, and recommends that the Court find that the plaintiff has pled sufficient facts to demonstrate that such a trust was formed. Further, based on invoices that the plaintiff submitted on April 16, 2010, the Report recommends that the plaintiff be awarded a total of $98,034.50 in damages. The plaintiff has not sought to recover attorney's fees, interest or costs; the Report therefore recommends that the judgment be limited to the $98,034.50 in unpaid sales.

The Court perceives no error in the Report's recommendations. A judgment will therefore be entered against Garden State in the amount recommended.

<u>CONCLUSION</u>

Finding no clear error in Magistrate Judge Fox's Report, the Report is adopted. The Clerk of Court shall enter judgment against Garden State for $98,034.50. The Clerk of Court shall also close the case. The parties' failure to file written

objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

SO ORDERED:

Dated:   New York, New York
         December 14, 2010

```
                        _____
                                DENISE COTE
                         United States District Judge
```